UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| JERRY LOWE, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 3:24-CV-370-KAC-JEM ) |
| MICHELLE FULGUM and MONICA TILLERY, | ) ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

Plaintiff, a federal prisoner currently housed in the Blount County Detention Center, filed (1) a pro se complaint for violation of 42 U.S.C. § 1983 arising out of an incident in which he was incapacitated due to drugs at a halfway house, after which he was transferred to Blount County custody [Doc. 1], and (2) two motions for leave to proceed *in forma pauperis* [Docs. 4, 7]. For the below reasons, the Court (1) **GRANTS** Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 7], (2) **DENIES** his first motion for leave to proceed *in forma pauperis* [Doc. 4] as **moot**, and (3) **DISMISSES** the Complaint for failure to state a claim.

I. MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). It appears from Plaintiff's second motion for leave to proceed *in forma pauperis*, which includes the required documents, that he cannot pay the filing fee in one lump sum [*See* Doc. 7]. Accordingly, under 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 7]. Because the Court grants Plaintiff's second motion, the Court **DENIES** Plaintiff's first motion for leave to proceed *in forma pauperis* as **moot** [*See* Doc. 4].

Plaintiff is **ASSESSED** the civil filing fee of $350.00. 28 U.S.C. § 1914(a). The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to his inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C.§ 1915(b)(1)(A) and (B). Thereafter, the custodian of Plaintiff's inmate trust account **SHALL** submit twenty percent (20%) of his preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee has been paid. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order **shall** be placed in Plaintiff's prison file and follow him if he is transferred to another institution.

II.   **SCREENING OF COMPLAINT**

   A.   **Screening Standard**

Under the PLRA, a district court must screen a prisoner complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the

language in [Federal] Rule [of Civil Procedure] 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). To withstand PLRA review, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Formulaic and conclusory recitations of the elements of a claim do not state a plausible claim. *Id.* at 681. Likewise, an allegation that does not raise a plaintiff's right to relief "above a speculative level" fails to state a plausible claim. *Twombly*, 550 U.S. at 570. The Supreme Court has instructed that a district court should liberally construe pro se pleadings filed in a civil rights case and hold them to a less stringent standard than "formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

B.  **Complaint Allegations**

Plaintiff states that "around July 30th" while he was in a private halfway house as a federal inmate "under the direction of" Defendants Fulgum and Tillery, he was supposedly "incapacitated," while "under the influence of the drug "spice/K2" [Doc. 1 at 3-4]. An "incident report states that I [Plaintiff] was unconscious and had vomited all over [him]self" [*See id.* at 4]. "At no time was medical personell [sic] notified or contacted to administer medical treatment or triage" Plaintiff [*Id.*]. This event resulted in Plaintiff being removed from the halfway house and placed in the Blount County Detention Center [*Id.* at 3-4]. And Plaintiff questions why he was placed in the Blount County Detention Center for being under the influence when he was not "given medical treatment" for the spice/K2 incident [*See id.* at 4].

Plaintiff further states Defendant Tillery has thrown him out of the halfway house for other alleged violations even without "dirty urines" [*Id.*]. And Plaintiff asserts that Defendants Fulgum and Tillery conspired to deny him housing in the halfway house in violation of the "First Step

Act[,] [] [Second] Chance Act, [and] Prison Reform Litigation Act" despite his lack of any write ups or "dirty urines" because they have a "'God Complex'" [*Id.* at 4].

Plaintiff sued Defendants Fulgum and Tillery [*Id.* at 1, 3]. For relief, Plaintiff requests that the Court hold Defendants liable for their "rog[ue]" actions, any relief that would prevent future similar actions, and monetary damages [*Id.* at 5].

C.     Analysis

A claim for violation of 42 U.S.C. § 1983 requires a plaintiff to establish that a person acting under color of state law[1] deprived him a federal right. 42 U.S.C. § 1983.

First, to the extent that Plaintiff complains that he did not receive appropriate medical treatment for his apparent "spice/K2" incapacitation, he fails to state a Section 1983 claim against Defendants Fulgum and Tillery. The Complaint does not allege any facts that would permit the Court to infer that Defendant Fulgum or Tillery was personally involved in failing to provide medical care. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights"). And there is no alleged basis to hold either liable for the actions of other employees at the halfway house. "It is well-settled that government officials may not be held liable for the unconstitutional conduct of their subordinates under the theory of respondeat superior." *See Peatross v. City of Memphis*, 818 F.3d 233, 241 (6th Cir. 2016) (cleaned up). "In other words, a supervisor cannot be held liable simply because he or she was charged with overseeing a subordinate" who allegedly violated the Constitution. *Id.* (citation omitted). Moreover, there are

---

[1] For purposes of this analysis only, the Court presumes without deciding, that Defendants Fulgum and Tillery were acting under color of state law when overseeing Plaintiff's detention at a private halfway house, even though he was being housed there while a federal prisoner.

no facts in the Complaint alleging that either Defendant "either encouraged the specific incident of misconduct or in some way directly participated in it." *See id.* at 242 (citation omitted).

Second, Plaintiff's allegations regarding Defendants removing him from the halfway house also fail to state a claim upon which relief may be granted under Section 1983. Plaintiff offers only conclusory allegations that Defendants engaged in a conspiracy to remove him from the halfway house [*See* Doc. 1 at 4]. Those conclusory allegations are not enough to state a claim. *See Gutierrez v. Lynch,* 826 F.2d 1534, 1538-39 (6th Cir. 1987) (providing that "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim").

Further, Plaintiff does not have a constitutional right to be housed in a particular facility and has not set forth any exceptional or unusual circumstances that would justify the Court awarding him such relief. *See Beard v. Livesay*, 798 F.2d 874, 876 (6th Cir. 1986); *LaFountain v. Harry*, 716 F.3d 944, 948 (6th Cir. 2013) (noting that, absent unusual circumstances, prison officials, rather than judges, should decide where a particular prisoner should be housed); *Glover v. Johnson*, 855 F.2d 277, 285-87 (6th Cir. 1988) (instructing that courts should not "attempt to administer any portion of a . . . correctional system program except in the most compelling situations"). And Plaintiff's conclusory assertions that Defendants' decision to transfer him out of the halfway house violated the First Step Act, Second Chance Act, and PLRA do not alter this conclusion. *See Douglas v. Greenup Cnty.*, No. CV 0:19-114-DCR, 2019 WL 6794185, at *2 (E.D. Ky. Dec. 12, 2019) (providing that the PLRA does not provide a private cause of action); *United States v. Pulido*, No. 19-CR-20615, 2022 WL 3005984, at *1 (E.D. Mich. July 28, 2022) (providing that "the First Step Act did not alter the fact that the Second Chance Act does not guarantee residential re-entry center placement or home confinement, it only directs the Director of the Bureau of Prisons to consider it") (citing *United States v. Burkhart*, No. CR 6:03-036-DCR,

5

2019 WL 615354, at *2 (E.D. Ky. Feb. 13, 2019)). Accordingly, because the Complaint fails to state a claim against any named Defendant, the Court **DISMISSES** this action.

III. **CONCLUSION**

As set forth above:

1. The Court **GRANTED** Plaintiff's second motion for leave to proceed *in forma pauperis* [Doc. 7], and the Court **DENIED** the first motion as **moot** [Doc. 4];

2. The Court **ASSESSED** Plaintiff the civil filing fee of $350.00;

3. The Court **DIRECTED** the custodian of Plaintiff's inmate trust account to submit the filing fee to the Clerk in the manner set for above;

4. The Court **DIRECTED** the Clerk to provide a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and to the Court's financial deputy;

5. Even liberally construing the Complaint in Plaintiff's favor, it fails to state a claim upon which relief may be granted under Section 1983 against any Defendant; and

6. Accordingly, the Court **DISMISSED** this action under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Further, the Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. An appropriate judgment shall enter.

**SO ORDERED.**

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge